**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **G.E. Products Co. Ltd. and Fang-Chou Cho,**<br><br>Plaintiffs,<br><br>v.<br><br>**The Berea Hardwoods Co. Inc.,**<br><br>Defendant. | **Case No.**<br><br>**Judge**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs G.E. Products Co., Ltd. ("GE") and Fang-Chou Cho ("Mr. Cho") (together, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants The Berea Hardwoods Co. Inc. ("Berea" or "Defendant"), allege as follows. Allegations concerning Plaintiffs and their own acts are made on personal knowledge; all other allegations are made on information and belief formed after reasonable inquiry.

## I. NATURE OF THE ACTION

1. This action arises from two related disputes between GE, a Taiwanese manufacturer of writing instruments and pen components, and Berea, its longtime Ohio-based customer.

2. First, Plaintiffs seek correction of the named inventors of three United States patents currently assigned to Berea: U.S. Design Patent No. D754,792 (the "D'792 Patent", attached hereto as Exhibit 1), U.S. Patent No. 10,118,435 B2 (the "'435 Patent", attached hereto as Exhibit 2), and U.S. Design Patent No. D771,188 (the "D'188 Patent") (collectively, the "Patents-in-Suit", attached hereto as Exhibit 3). Each of the Patents-in-Suit names Mr. Csokmay as its sole inventor. But Mr. Cho, GE's President and Founder, contributed to the conception of the subject matter claimed in each of the Patents-in-Suit and was omitted as a joint inventor without

any deceptive intention on his part. Plaintiffs seek an order under 35 U.S.C. § 256 directing the Director of the United States Patent and Trademark Office ("USPTO") to issue certificates of correction adding Mr. Cho as a named inventor, together with related declaratory relief.

3. Second, GE seeks to recover $115,010.45 that Berea owes for goods GE sold and delivered to Berea, which Berea accepted and has failed and refused to pay for despite repeated demands.

## II. THE PARTIES

4. GE is a corporation organized and existing under the laws of the Republic of China (Taiwan), with its principal place of business at No. 9, Alley 1, Lane 90, Chiu Chiong St., Lu Chou Dist., New Taipei City 24750, Taiwan. GE designs and manufactures writing instruments and pen components, including pen kits and components that it sells to customers in the United States.

5. Mr. Cho (also known as "Frank") is an individual who is a citizen of Taiwan and resides in Taiwan. Mr. Cho is the President and Founder of GE.

6. Defendant The Berea Hardwoods Co. Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 18745 Sheldon Road, Middleburg Heights, Ohio 44130, in Cuyahoga County. James J. Heusinger is Berea's President. Berea is the assignee of record of each of the Patents-in-Suit.

## III. JURISDICTION AND VENUE

7. This Court has original and exclusive subject matter jurisdiction over Counts I through III under 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including 35 U.S.C. § 256.

8. This Court has supplemental jurisdiction over Counts IV through VI under 28 U.S.C. § 1367(a) because those claims are so related to the federal patent claims that they form part of the same case or controversy under Article III of the United States Constitution. The claims

arise from the same continuing commercial relationship between GE and Berea, in which GE supplied pen designs, samples, and components to Berea, including the very products embodied in the Patents-in-Suit.

9. Independently, this Court has subject matter jurisdiction over Counts IV through VI under 28 U.S.C. § 1332(a)(2) because this is a civil action between citizens or subjects of a foreign state (GE and Mr. Cho, both of Taiwan) and citizens of a State (Berea of Ohio), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Berea because Berea is incorporated in Ohio and maintains its principal place of business in this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and in the State of Ohio, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Berea's receipt and acceptance of goods, its failure to pay for them, and the preparation and prosecution of the applications for the Patents-in-Suit.

12. Assignment to the Eastern Division is proper under Local Civil Rule 3.8 because Berea resides in Cuyahoga County and the claims arose there.

## IV. <u>INDEX OF EXHIBITS</u>

13. Exhibit 1 is a true and correct copy of U.S. Design Patent No. D754,792.

14. Exhibit 2 is a true and correct copy of U.S. Patent No. 10,118,435 B2.

15. Exhibit 3 is a true and correct copy of U.S. Design Patent No. D771,188

16. Exhibit 4 is a true and correct copy of relevant excerpts from email communications between August 2014 and September 2014.

17. Exhibit 5 is a true and correct copy of an English translation of Taiwan Utility Model Patent No. M506717 (the "Taiwan Utility Model").

18. Exhibit 6 is a true and correct copy of an English translation of Taiwan Design Patent No. D171784 (the "Taiwan Design Patent").

19. Exhibit 7 is a true and correct copy of relevant financial documents including invoices issued by GE, credit balance reminders issued by GE, and emails discussing the same (collectively, the "Financial Documents").

20. Exhibit 8 is a true and correct copy of the June 16, 2026 email from Berea to GE.

21. Exhibit 9 is a true and correct copy of the July 29, 2026, letter from Michael Glennon, attorney for GE, to James Heusinger, President of Berea Hardwoods.

## V. FACTUAL BACKGROUND

22. For 39 years, GE has supplied Berea with pen designs, samples, pen kits, and pen components, which Berea marketed and resold in the United States.

23. In the course of that relationship, GE personnel—including Mr. Cho and GE employee Susanna Cho ("Ms. Cho")—regularly collaborated with Berea personnel—including Mr. Csokmay, the sole listed inventor of each Patent-in-Suit—on new pen designs, including through Skype meetings, email exchanges, drawings, and the exchange of physical samples.

24. In such collaborations, Mr. Cho. was responsible for generating the concepts, designing the structure and components, conducting testing and development, making further improvements based on the test results, and producing physical prototypes.

### A. Mr. Cho's Contributions to the D'792 Patent (Triangle Grip Pen)

25. On August 18, 2014, Ms. Cho of GE emailed Mr. Csokmay photographs of brass tube samples obtained from GE's manufacturer, stating that they "might be helpful to future pens development" and that the parties could "discuss this more on today's Skype." A true and correct

copy of relevant excerpts from the email correspondence referenced in this Section between August 2014 and September 2014 is attached as Exhibit 4.

26. Three days later, on August 21, 2014, Ms. Cho emailed Mr. Csokmay a drawing of a new pen design within GE's "140502 Sierra Grip Pen" project. The email stated: "This is actually inspired from you on Monday's skype and of course, Frank also added some his ideas on it." (Ex. 4.) "Frank" is Mr. Cho. GE's records for the project reference a "triangle-shaped brass tube modified #0502." (Ex. 4.)

27. Mr. Cho's contributions to the design included the triangular grip tubes and the matching nib to complement the overall shape and proportions of the pen. These features are reflected in the drawing transmitted on August 21, 2014 and in the ornamental design claimed in the D'792 Patent.

28. On September 5, 2014, GE shipped physical samples of the new Sierra pen, incorporating Mr. Cho's design contributions, to Berea via UPS (tracking no. 1Z A03 700 04 9395 4265) and emailed Mr. Csokmay photographs of the samples. (Ex. 4.)

29. Mr. Csokmay responded on September 11, 2014, not by denying Frank's contributions to the ornamental design, but thanking GE for the samples while indicating that Berea "believe[d] that these will become best sellers." Mr. Csokmay asked whether GE would send samples of another version and requested the new design in additional styles. GE sent further samples. (Ex. 4.)

30. On November 10, 2014—less than three months after receiving Mr. Cho's design—Berea filed U.S. Design Patent Application No. 29/508,683, which issued on April 26, 2016, as the D'792 Patent, entitled "WRITING INSTRUMENT." (Ex. 1.) The D'792 Patent names Mr. Csokmay as its sole inventor and identifies Berea as assignee and applicant. (*Id.*)

31. The ornamental design claimed in the D'792 Patent was jointly conceived by Mr. Csokmay and Mr. Cho.

32. Mr. Cho's contribution was not insignificant in quality when measured against the dimension of the full claimed design, and it was more than the mere explanation of well-known concepts or the current state of the art.

33. Berea and Mr. Csokmay knew when the application resulting in the D'792 patent was filed that Mr. Cho had contributed to the claimed design.

34. Neither Mr. Csokmay nor Berea informed Mr. Cho or GE of the application or disclosed Mr. Cho's contribution to the USPTO.

B. Mr. Cho's Contribution to the '435 and D'188 Patents (Lever Arm Pen)

35. Mr. Cho conceived an improved pen structure in which a pen clip is pivotally mounted to the pen's outer tube assembly such that pressing the clip causes a pressing end of the clip to act on the cap of an inner mechanism to operate the pen (the "Lever Arm Pen"), together with an ornamental design for such a pen.

36. On January 8, 2015, GE filed Taiwan Utility Model Application No. 104200306, which issued as Taiwan Utility Model Patent No. M506717, entitled "Improved Pen Structure," published August 11, 2015 (the "Taiwan Utility Model"). The Taiwan Utility Model names Mr. Cho as creator and GE as applicant. Its claims recite, among other things, "a clip assembly including a pen clip pivotally mounted on the outer tube assembly corresponding to the cap," wherein "the pen clip includes a pressing end and a clamping end disposed on two sides of a pivot point, and the pressing end is positioned above the cap so as to press the cap upon pivoting of the pen clip." A true and correct copy of the English translation of the Taiwan Utility Model is attached as Exhibit 5.

37. Also on January 8, 2015, GE filed Taiwan Design Application No. 104300071, which issued as Taiwan Design Patent No. D171784 (granted and published November 11, 2015) (the "Taiwan Design Patent"). The Taiwan Design Patent names Mr. Cho as designer and GE as applicant, and depicts a pen with a distinctive clip mechanism. A true and correct copy of the English translation of the Taiwan Design Patent is attached as Exhibit 6.

38. On June 23, 2015—more than five months after GE's Taiwan patent filings—Berea filed U.S. Provisional Patent Application No. 62/183,224 (the "'224 Provisional"). (Ex. 2.) The '435 Patent, entitled "LEVER-ACTUATED PEN" (issued on November 6, 2018) from U.S. Patent Application No. 15/166,574 (filed on May 27, 2016), which in turn claims priority to the '224 Provisional. (*Id.*) The '435 Patent names Mr. Csokmay as its sole inventor and Berea as applicant and assignee. (*Id.*)

39. Berea did not inform GE or Mr. Cho that it had filed for patent protection resulting in the '435 Patent.

40. Independent claim(s) 1, 2, 5, 11, and 17 of the '435 Patent recite subject matter conceived by Mr. Cho including at least the "lever … for actuating the operating mechanism for projecting and retracting the writing tip" ('435 Patent, Claims 1, 5; *see also id.* Claims 2, 11, and 17), which corresponds to the pivotally mounted pen clip and pressing-end and clamping-end structure disclosed in claim 3 of the Taiwan Utility Model. (Ex. 5.)

41. Also on June 23, 2015, Berea filed U.S. Design Patent Application No. US29/531,057, which issued on November 8, 2016, as the D'188 Patent, entitled "BALLPOINT PEN." (Ex. 3.) The application named Mr. Csokmay as the sole inventor. (*Id.*)

42. Berea did not inform GE or Mr. Cho that it had filed for patent protection resulting in the D'188 Patent.

43. The ornamental design claimed in the D'188 Patent embodies the ornamental features of the Lever Arm Pen conceived by Mr. Cho and depicted in the Taiwan Design Patent, including at least the ornamental appearance of the pen body and the lever arm. (*Compare* Ex. 3, FIG. 1 *with* Ex. 6, Rear View.)

| | |
|---|---|
|  **FIG-1** |  |
| D'188 Patent | Taiwan Design Patent |

44. In or around 2020, Berea raised with GE the contention that Mr. Csokmay should be named on GE's Taiwan Utility Model and Taiwan Design Patent. Berea thereby acknowledged that the Lever Arm Pen was jointly conceived by Mr. Cho and Mr. Csokmay.

45. On July 2, 2020, in recognition of the parties' joint inventorship of the Lever Arm Pen, Mr. Csokmay was added as a co-creator/co-designer on both Taiwan patents, and rights in those patents were assigned to Berea.

46. However, Berea did not inform GE about the existence of the ’435 or D’188 Patents or suggest that Mr. Cho should be added as an inventor thereto in recognition of his role as a co-creator/co-designer.

47. Mr. Cho contributed in a significant manner to the conception of at least one claim of the ’435 Patent and to the ornamental design claimed in the D’188 Patent. His contributions were not insignificant in quality when measured against the dimension of the full inventions, and were more than the mere explanation of well-known concepts or the current state of the art.

C. Plaintiffs have a Concrete Interest in Correcting Inventorship of the Patents-in-Suit

48. Mr. Cho’s omission as an inventor from each of the Patents-in-Suit occurred through error and without any deceptive intention on the part of Mr. Cho or GE. Mr. Cho and GE did not participate in the preparation or prosecution of the applications for the Patents-in-Suit and were not informed of the existence of the Patents-in-Suit by Berea.

49. A patent must name all of the inventors of its claimed subject matter. 35 U.S.C. §§ 101, 115, 116. Each of the Patents-in-Suit fails to name Mr. Cho, and the Patents-in-Suit are therefore subject to correction under 35 U.S.C. § 256.

50. Mr. Cho has a concrete and particularized interest in being recognized as an inventor of the Patents-in-Suit, including the reputational interest of a professional pen designer in receiving recognition for his inventive work and the financial interest described below.

51. GE has a concrete and particularized financial interest in correcting inventorship because Mr. Cho is obligated to assign his rights in inventions he conceives in the course of his work for GE—including his rights in the inventions claimed in the Patents-in-Suit—to GE. As a result, upon correction of inventorship, GE will hold an ownership interest in each of the Patents-in-Suit, entitling it, among other things, to make, use, offer to sell, sell, and import the patented inventions in the United States under 35 U.S.C. § 262.

52. GE, through counsel, notified Berea of the inventorship errors in writing on July 29, 2026, and requested that Berea cooperate in correcting inventorship.

53. Correction of inventorship by the USPTO under 35 U.S.C. § 256(a) requires the application of all parties and assignees. However, Berea has not meaningfully cooperated with GE's efforts to correct inventorship.

D. Berea's Failure to Pay for Goods Sold and Delivered

54. Between 1987 and 2026, at Berea's request, GE sold and delivered to Berea pen kits, pen components, and related goods (the "Goods") pursuant to purchase orders issued by Berea and accepted by GE, invoices issued by GE, and credit balance reminders issued by GE, including those identified in Exhibit 7 (collectively, the "Financial Documents").

55. Berea agreed to pay GE the invoiced price for the Goods.

56. GE performed all of its obligations under the Financial Documents, including delivering conforming Goods to Berea.

57. Berea received and accepted the Goods without rejection or timely notice of any nonconformity, and upon information and belief, resold or otherwise used them in its business.

58. Initially, the contract evidenced by course of conduct between the parties worked. GE would send Goods and invoices therefore to Berea, and Berea was able to and did pay the full invoice amounts for the Goods.

59. However, by March 18, 2022, Berea was carrying an outstanding balance of $135,846.46. (Ex. 7, 2.)

60. The same day, Berea indicated that they "hope[d] to reduce the balance to $0 to $50,000." (*Id.* at 6–7.)

61. By September 20, 2022, Berea's debt on its outstanding accounts receivable had grown to $147,653.64. (*Id.* at 12.)

62. On October 12, 2022, GE and Berea had a Skype meeting to discuss how to address the growing accounts receivables. (*Id.* at 9–11.)

63. Berea agreed to send $70,000 and to keep the outstanding accounts receivables balance at less than or equal to $50,000 going forwards.

Balance

- Because of a serious business downturn, GE's opening time has dropped by 2/3 of a regular business time (the regular business is 8 hours a day, 5 working days a week).
- BH will send a wire with US$700,000 and GE will send the commission of US$ 200,000 back
- BH will send a further US$ 700,000 to GE
- GE wished to adjust the balance to US$ 700,000-US$ 800,000.
- BH may send the amount less than US$ 500,000 in order to maintain the balance.

(*Id.* at 11.)

64. Berea demonstrated it understood the agreement between the parties (despite the typos adding an extra 0 to each amount above) by sending a further $70,000, not $700,000, the next day on October 13, 2022. (*Id.* at 12.) This reduced the outstanding accounts receivables to "US$ 70[],000-US$ 80[],000" as "GE wished." (*Id.* at 11.)

65. However, Berea could not abide by its agreement to maintain the balance at about $50,000.

66. On August 15, 2023, GE informed Berea that "the current balance for BH [*i.e.*, Berea] and general customer is US$ 109,852.908 as [of] our latest balance reminder sent on Jul. 28" and that this was "still US$30,000-50,000 from our agreed on balance [of] US$ 50,000-70,000." (*Id.* at 14.)

67. Berea responded on August 16, 2023 and did not dispute the agreement to keep the outstanding accounts receivables lower than $50,000-$70,000. (*Id.* at 14–15.)

68. On December 30, 2023, GE informed Berea that "the payment balance is $120,000" and that "[t]his figure significantly exceeds the initially agreed-amount of $50,000-70,000." (*Id.* at 18.)

69. Berea responded on January 3, 2024 and again did not dispute the agreement to keep the accounts receivable balance between $50,000-70,000. (*Id.* at 19.)

70. This pattern of behavior continued thereafter, with Berea consistently maintaining an accounts receivable balance greater than $70,000.

71. On May 15, 2026, GE sent Berea a "Credit Balance Reminder" reflecting an outstanding balance of $115,010.45 owed by Berea to GE for the Goods. (*Id.* at 24.)

72. On June 16, 2026, Berea responded by email to GE: "We are currently closing and liquidating The Berea Hardwoods Co. Inc. We are paying secured creditors but lack the funds to pay all secured creditors. The Berea Hardwoods Co. Inc. will not be able to pay unsecured creditors." A true and correct copy of that email is attached as Exhibit 8.

73. Berea has never contested that the money owed to GE, as demonstrated by the Financial Documents, totals $115,010.45.

74. On July 29, 2026, GE, through counsel, sent Berea a written demand for payment of $115,010.45 and requested that Berea provide a plan for full repayment on or before August 5, 2026. (Ex. 9.) Berea has not paid any portion of the amount owed or provided any plan for repayment.

75. All conditions precedent to GE's right to payment have been performed, have occurred, or have been waived or excused.

76. As of the date of this Complaint, Berea owes GE the principal amount of $115,010.45, plus interest.

**COUNT I**
**CORRECTION OF INVENTORSHIP OF U.S. DESIGN PATENT NO. D754,792**
**(35 U.S.C. § 256)**
(*By Plaintiffs against Defendant*)

77. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

78. Mr. Cho is a joint inventor of the ornamental design claimed in the D’792 Patent because he contributed to its conception, as alleged above, including by contributing the design features communicated to Mr. Csokmay on August 21, 2014 and embodied in the samples GE delivered to Berea in September 2014.

79. Mr. Cho’s contribution is corroborated by contemporaneous documentary evidence. (Ex. 4.)

80. Mr. Cho was omitted as an inventor of the D’792 Patent by error and without deceptive intent on his part.

81. Plaintiffs have standing to seek correction because Mr. Cho has a concrete reputational and financial interest in the D’792 Patent, and GE has an ownership and financial interest in it as alleged above.

82. Under 35 U.S.C. § 256(b), this Court may order correction of the D’792 Patent on notice and hearing of all parties concerned, and the Director shall issue a certificate accordingly.

83. For at least the reasons set forth above, Plaintiffs are entitled to an order directing the Director of the USPTO to issue a certificate of correction adding Fang-Chou Cho as a named inventor of the D’792 Patent.

**COUNT II**
**CORRECTION OF INVENTORSHIP OF U.S. DESIGN PATENT NO. 10,118,435 B2**
**(35 U.S.C. § 256)**
(*By Plaintiffs against Defendant*)

84. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

85. Mr. Cho is a joint inventor of the ’435 Patent because he contributed to the conception of at least one claim as set forth above.

86. Mr. Cho’s contribution is corroborated by, among other things, GE’s January 8, 2015, filing of the Taiwan Utility Model naming Mr. Cho as creator—more than five months before Berea filed the ’224 Provisional—and by Berea’s own July 2, 2020 recognition that the Lever Arm Pen was jointly conceived. (Ex. 5.)

87. Mr. Cho was omitted as an inventor of the ’435 Patent by error and without deceptive intent on his part.

88. Plaintiffs have standing to seek correction because Mr. Cho has a concrete reputational and financial interest in the ’435 Patent, and GE has an ownership and financial interest in it as alleged above.

89. For at least the reasons set forth above, Plaintiffs are entitled to an order directing the Director of the USPTO to issue a certificate of correction adding Fang-Chou Cho as a named inventor of the D’792 Patent.

**COUNT III**
**CORRECTION OF INVENTORSHIP OF U.S. DESIGN PATENT NO. D771,188**
**(35 U.S.C. § 256)**
(*By Plaintiffs against Defendant*)

90. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

91. Mr. Cho is a joint inventor of the ornamental design claimed in the D'188 Patent because he contributed to its conception, including the ornamental features of the Lever Arm Pen depicted in the Taiwan Design Patent, as alleged above.

92. Mr. Cho's contribution is corroborated by, among other things, GE's January 8, 2015, filing of the Taiwan Design Patent naming Mr. Cho as designer—more than five months before Berea filed the application for the D'188 Patent—and by Berea's own July 2, 2020 recognition that the Lever Arm Pen was jointly conceived. (Ex. 5.)

93. Mr. Cho was omitted as an inventor of the D'188 Patent by error and without deceptive intent on his part.

94. Plaintiffs have standing to seek correction because Mr. Cho has a concrete reputational and financial interest in the D'188 Patent, and GE has an ownership and financial interest in it as alleged above.

95. For at least the reasons set forth above, Plaintiffs are entitled to an order under 35 U.S.C. § 256(b) directing the Director of the USPTO to issue a certificate of correction adding Fang-Chou Cho as a named inventor of the D'188 Patent.

**COUNT IV**
**BREACH OF CONTRACT**
**(Ohio Law, including Ohio Revised Code §§ 1302.01 et seq.)**
(*By GE against Defendant*)

96. GE incorporates by reference the preceding paragraphs as if fully set forth herein.

97. The Financial Documents and course of conduct related thereto provide evidence of valid and enforceable contracts between GE and Berea for the sale of goods, supported by adequate consideration. Ohio Rev. Code § 1302.07(A).

98. GE fully performed its obligations under the established course of conduct by delivering the Goods to Berea.

99. Berea accepted the Goods and is obligated to pay the invoice price for them. Ohio Rev. Code §§ 1302.59, 1302.77.

100. The agreement between the parties for Berea to keep the accounts receivable around $50,000-$70,000 during ongoing efforts to reduce the balance does not excuse Berea's obligations to pay the entire amount on demand.

101. Berea breached the contract evidenced by the course of conduct by failing to pay the amounts due for the Goods after a reasonable time period following GE's demand for complete payment.

102. As a direct and proximate result of Berea's breach, GE has been damaged in the amount of $115,010.45, plus incidental damages, and prejudgment interest under Ohio Rev. Code § 1343.03(A) from the date each payment became due.

**COUNT V**
**ACTION ON ACCOUNT**
**(Ohio Law)**
(In the Alternative to Count IV – *By GE against Defendant*)

103. GE incorporates by reference the preceding paragraphs as if fully set forth herein.

104. GE maintained an account for Berea reflecting the Goods sold and delivered to Berea on credit, the charges for those Goods, all payments and credits received, and the resulting balance. (Ex. 7.)

105. The account reflects a principal balance due and owing from Berea to GE of $115,010.45 as of May 15, 2026, after application of all just credits and payments.

106. Berea has never disputed that it is indebted to GE on the account in the amount of $115,010.45, plus interest.

107. GE demanded payment of the account balance, but Berea stated that it would not pay unsecured creditors. (Ex. 8.)

**COUNT VI**
**UNJUST ENRICHMENT**
**(Ohio Law)**
(In the Alternative to Counts IV and V – *By GE against Defendant*)

108. GE incorporates by reference the preceding paragraphs as if fully set forth herein.

109. GE conferred a benefit on Berea by delivering the Goods to Berea.

110. Berea knew of and accepted the benefit, and upon information and belief, resold or used the Goods in its business.

111. Berea retained the benefit under circumstances in which it would be unjust to do so without payment, having failed to pay the reasonable value of the Goods ($115,010.45).

112. GE is entitled to restitution from Berea in an amount to be proven at trial, but not less than $115,010.45, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs G.E. Products Co., Ltd. and Fang-Chou Cho respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. An order under 35 U.S.C. § 256(b) directing the Director of the United States Patent and Trademark Office to issue a certificate of correction adding Fang-Chou Cho as a named inventor of U.S. Design Patent No. D754,792, U.S. Patent No. 10,118,435 B2, and U.S. Design Patent No. D771,188.

B. An order directing the Clerk to transmit a copy of the Court's judgment to the Director of the United States Patent and Trademark Office;

C. Judgment in favor of GE and against Berea on Counts IV, V, and VI for compensatory damages in the principal amount of $115,010.45, or such other amount as is proven at trial;

D. Prejudgment interest as permitted by law, including under Ohio Rev. Code § 1343.03(A);

E. Post-judgment interest under 28 U.S.C. § 1961;

F. Plaintiffs' costs of suit under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920;

G. Attorneys' fees to the extent permitted by contract or law; and

H. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Date: October 9, 2026

Respectfully submitted,

**MCDONALD HOPKINS LLC**
*/s/ Michael E. Glennon*
Dave B. Cupar (OH 0071622)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com

Michael E. Glennon (OH 0101437)
MCDONALD HOPKINS LLC
300 North La Salle Drive, Ste. 1400
Chicago, Illinois 60610
t 312.280.0111 | f 312.280.8232
mglennon@mcdonalhopkins.com

*Counsel for Plaintiffs G.E. Products Co., Ltd. and Fang-Chou Cho*